# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAUREN ZANG, | ) | |
| Plaintiff, | ) | Civil Action No. 14-1651 |
| v. | ) | Judge Cathy Bissoon |
| WESTERN PENNSYLVANIA TEAMSTERS AND EMPLOYEE WELFARE FUND, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons stated below, Defendant's Motion to Dismiss (Doc. 5) will be granted, and Counts I, II and III will be dismissed without prejudice to Plaintiff filing an amended complaint by July 20, 2015.

### BACKGROUND

Ms. Zang ("Plaintiff") became employed with the Western Pennsylvania Teamsters and Employee Welfare Fund ("Defendant") on November 27, 2007. Compl. (Doc. 1) at ¶ 8. Plaintiff alleges that she was diagnosed with depression and anxiety on or around November 12, 2013, as a result of the hostile work environment created by Defendant. Id. at ¶ 9. Plaintiff took FMLA leave beginning on November 12, 2013, to last three months until January 20, 2014. Id. at ¶¶ 11-12. During her FMLA leave, Plaintiff alleges that she continued to be harassed by Defendant's Fund Director, Mr. Parry. Id. at ¶¶ 9, 13.

On January 13, 2014, Plaintiff alleges that she informed Defendant of her intent to return to work a week later, on January 20; however, she was informed that she had been suspended for

failing to attend a meeting, which was scheduled during her FMLA leave. Id. at ¶ 15. On January 20, 2014, Plaintiff resigned in response to Defendant's behavior and concern for her own health. Id. at ¶ 16. Plaintiff alleges that Defendant violated the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and Title VII of the Civil Rights Act of 1964 ("Title VII").

Plaintiff filed a three-count Complaint on December 5, 2014, asserting causes of action for disability discrimination in violation of the ADA (Count I), retaliation in violation of the FMLA (Count II), and hostile work environment in violation of Title VII (Count III). On January 16, 2015, Defendant filed a Motion to Dismiss all three counts, pursuant to Federal Rule of Civil Procedure 12(b)(6). Def.'s Mot. (Doc. 5). Defendant argues that Plaintiff has failed to plead a necessary element of each of her claims: that Defendant employs the minimum number of employees to constitute an "employer" under the ADA, FMLA and Title VII. See generally Def.'s Br. in Supp. (Doc. 6). For this reason, Defendant argues that Plaintiff fails to state a claim under the relevant statutes.

**ANALYSIS**

Plaintiff asserts that she has pled sufficient facts to show that Defendant employs the requisite number of employees under the ADA, FMLA and Title VII. See generally Pl.'s Br. in Opp'n (Doc. 8). However, nowhere in her brief does Plaintiff point to allegations made in the Complaint to support this assertion. Instead, Plaintiff uses information from outside the pleadings, including an excerpt from Defendant's website, in seeking to prove that Defendant employs the requisite number of employees. See id. Likewise, Defendant asks the Court to take judicial notice of a series of tax returns attached to its Motion to Dismiss in order to show that it does not employ the requisite number of employees. See Def.'s Br. in Supp. at 5-6. However,

these factual arguments regarding the requisite number of employees are inappropriate at the motion to dismiss phase of the proceedings and should be saved for summary judgment. See Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 84 (3d Cir. 2003) (noting that "as the District Court looked beyond [the plaintiff's] complaint and reviewed discovery on whether [the defendant] employs more than fifteen people, it should have resolved the issue under the summary judgment standard rather than as a motion for judgment on the pleadings"); Carr v. Borough of Elizabeth, 121 F. App'x 459, 460 (3d Cir. 2005) (holding that a motion to dismiss an ADEA claim based on its employee threshold requirement should have been treated as one for summary judgment). Accordingly, the Court will only address the argument that Defendant employed the requisite number of employees insofar as that argument relates to the sufficiency of the pleadings.

Defendant argues that Plaintiff must plead that the threshold number of employees under the ADA, FMLA and Title VII is satisfied in order to establish that Defendant is an "employer" under these statutes. Def.'s Br. in Supp. at 3-4. The Court agrees that Plaintiff's allegations in this regard are lacking. Plaintiff alleges only that she "became employed with the Defendant on November 27, 2007." Compl. at ¶ 8. Plaintiff does not discuss her employment in relation to any of the three statutes or their definitions of "employer" anywhere in the Complaint. Additionally, Plaintiff makes no reference to the number of employees employed by Defendant, or plead any facts from which it can reasonably be inferred that Defendant was an "employer" as defined by the relevant statutes. In sum, Plaintiff's allegations are simply insufficient to state a claim under the ADA, FMLA or Title VII. See, e.g., Chalfont v. U.S. Electrodes, No. 10-2929, 2010 WL 5341846, at *6 (E.D. Pa. Dec. 28, 2010) (dismissing a claim for failing to allege sufficient factual matter about whether the defendant was an "employer" under the ADA); Rooks v. Alloy Surfaces Co., No. 09-839, 2010 WL 2697304, at *2 (E.D. Pa. July 6, 2010) (dismissing

a claim under the FMLA where the plaintiff alleged no more than that she had been employed with the defendant for six months); Capriotti v. Chivukula, No. 04-2754, 2005 WL 83253, at *1 (E.D. Pa. Jan. 14, 2005) (dismissing a claim under Title VII for failure to allege any facts relating to the defendant's status as an "employer" under the statute). However, as Plaintiff may be able to state a claim under these statutes after pleading additional factual information, the Court will allow Plaintiff to amend her complaint.

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss will be granted, and Counts I, II and II will be dismissed without prejudice to Plaintiff filing an amended complaint by **July 20, 2015**. Should Plaintiff not file an amended complaint by that date, it will be assumed that there are no additional facts that create viable claims and the case will be dismissed, in its entirety, with prejudice.

**II. ORDER**

Consistent with the foregoing, Defendant's Motion to Dismiss (**Doc. 5**) is hereby **GRANTED**. Counts I, II and III are **DISMISSED WITHOUT PREJUDICE** to Plaintiff filing an amended complaint by **July 20, 2015**. Failure to timely file an amended complaint or to adequately address the shortcomings identified above will result in the case being dismissed, in its entirety, with prejudice.

**IT IS SO ORDERED.**

June 29, 2015                                         s\Cathy Bissoon
                                                      Cathy Bissoon
                                                      United States District Judge

cc (via ECF email notification):

All Counsel of Record